UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>MICHAEL DESHONE MATHEWS,<br><br>        Defendant. | No. 2:15-cr-0118-GEB<br><br><br>**ORDER** |

Defendant objects to paragraphs 35 and 37 in the Presentence Investigation Report ("PSR"). (Def't's Objection to PSR 2:02-5:01, ECF No. 76.)

These objections were discussed during the sentencing hearing held on May 20, 2016. The government stated at the hearing that it has no position on Defendant's objection to paragraph 35. However, the judge decided to conduct research on the objection to paragraph 35 and therefore continued the sentencing hearing.

Paragraph 35 increases Defendant's offense level two levels for the following reasons:

> The defendant committed the offense as part of a pattern of criminal conduct engaged in as a livelihood. The conduct exceeded a 12-month period and Mathews derived more than $18,000 from the illegal conduct. Moreover, state records show the defendant had no reported or documented legal employment or income from 2011 to 2014 which includes the first year of the investigative period.

1

1    Therefore, a two-level increase is being applied, pursuant to USSG §2D1.1(b)(15)(E).
2
3  (PSR Paragraph 35 p.9-10, ECF No. 74.)
4    Defendant argues, inter alia, in his objection to this
5  enhancement:
6    "Pattern of criminal conduct" means planned criminal acts occurring over a substantial
7    period of time. "Substantial period of time" is not defined in the Sentencing Guidelines.
8    This crime spanned one year under the Offense Conduct section. This is not "a substantial
9    period of time."
10 (Def't's Objection to PSR 2:11-14 (citing U.S.S.G Section 4B1.3,
11 comment (n.1))).
12   Although U.S.S.G. Section 4B1.3, comment (n.1), "does
13 not attempt to delineate the length of a 'substantial period' [of
14 time,]" United States v. Reed, 951 F.2d 97, 101 (6th Cir. 1991),
15 Defendant's interpretation of this advisory guideline term is
16 unpersuasive. See Reed, 951 F.2d at 101-02 (finding a seven-
17 month period long enough to constitute a substantial period of
18 time); United States v. Irvin, 906 F.2d 1424, 1426 (10th Cir.
19 1990) (stating "defendant's [engagement in a] well-organized
20 criminal venture" from five to seven months was a substantial
21 period of time). The PSR evinces that defendant engaged in
22 several criminal trafficking transactions involving oxycodone
23 pills for a time period exceeding twelve months, and as stated in
24 the PSR he "committed the offense as a part of a pattern of
25 criminal conduct engaged in as a livelihood." (PSR paragraph 35.)
26   Therefore, Defendant's objection to paragraph 35 is
27 overruled. However, for the reasons stated during the sentencing
28 hearing Defendant's objection to paragraph 37 was sustained.

Since the objection to Paragraph 37 has been sustained and the objection to Paragraph 35 is overruled, Defendant's Offense Level is 37, and the resulting advisory guideline range is 168 to 210 months.

The Probation Department shall be included in the service of this Order, and the Probation Department shall append a copy of this Order to the presentence report made available to the Bureau of Prisons.

Dated:  May 26, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge